IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH ARKANSAS

DAVID C. LEE                                                                              PLAINTIFF

v.                              CIVIL NO. 04-2136

MICHAEL J. ASTRUE,[1] Commissioner
Social Security Administration                                                  DEFENDANT

**O R D E R**

  Plaintiff David C. Lee appealed the Commissioner's denial of benefits to this court. On April 13, 2007, judgment was entered remanding plaintiff's case to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. # 12). Plaintiff now moves for an award of $2,601.53 in attorney's fees and costs under 28 U.S.C. § 2412, the Equal Access to Justice Act (hereinafter "EAJA"), requesting compensation for 19.42 hours of work before the court at an hourly rate of $125.00 and $174.45 in expenses. (Doc. # 13-14). The defendant has filed a response, expressing no objections to this award. (Doc. # 15).

  The court calculated the actual time requested and found plaintiff's counsel claimed 1065 minutes which is 17.75 hours. (Doc # 13, Exhibit A). This is the time we will use in the calculation of plaintiff's fee award.

---

[1] Michael J. Astrue became the Social Security Commissioner on February 12, 2007. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Michael J. Astrue has been substituted for acting Commissioner Jo Anne B. Barnhart as the defendant in this suit.

AO72A
(Rev. 8/82)

Pursuant to 28 U.S.C. § 2412(d)(1)(A), the court must award attorney's fees to a prevailing social security claimant unless the Commissioner's position in denying benefits was substantially justified. The burden is on the Commissioner to show substantial justification for the government's denial of benefits. *Jackson v. Bowen*, 807 F.2d 127, 128 (8th Cir. 1986). After reviewing the file, we find plaintiff is a prevailing party in this matter. Under *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993), a social security claimant who obtains a sentence-four judgment reversing the Commissioner's denial of benefits and remanding the case for further proceedings is a prevailing party.

An award of attorney's fees under the EAJA is appropriate even though at the conclusion of the case, plaintiff's attorney may be authorized to charge and collect a fee pursuant to 42 U.S.C. § 406(b)(1). Recovery of attorney's fees under both the EAJA and 42 U.S.C. § 406(b)(1) was specifically allowed when Congress amended the EAJA in 1985. *Gisbrecht v. Barnhart,* 535 U.S. 789, 796, 122 S.Ct. 1817, 1822, 152 L.Ed.2d 996 (2002), citing Pub.L. 99-80, § 3, 99 Stat. 186 (1985).

> To permit a fee award under the EAJA, assuming, of course, that the necessary standard is met, in addition to that allowed by the district court out of a claimant's past-due benefits does no more than reimburse the claimant for his or her expenses and results in no windfall for the attorney.

*Meyers v. Heckler,* 625 F.Supp. 228, 231 (S.D.Ohio 1985). Furthermore, awarding fees under both acts facilitates the purposes of the EAJA, which is to shift to the United States the prevailing party's litigation expenses incurred while contesting unreasonable government action. *Id. See also*, *Cornella v. Schweiker,* 728 F.2d 978 (8th Cir.1984).

AO72A
(Rev. 8/82)

In determining a reasonable attorney's fee, the court will in each case consider the following factors: time and labor required; the difficulty of questions involved; the skill required to handle the problems presented; the attorney's experience, ability, and reputation; the benefits resulting to the client from the services; the customary fee for similar services; the contingency or certainty of compensation; the results obtained; and the amount involved. *Allen v. Heckler,* 588 F.Supp. 1247 (W.D.N.Y. 1984).

However, the EAJA is not designed to reimburse without limit. *Pierce v. Underwood,* 487 U.S. 552, 573 (1988). The district court is "in the best position to evaluate counsel's services and fee request, particularly when the court has had the opportunity to observe firsthand counsel's representation on the substantive aspects of the disability claim." *Hickey v. Secretary of HHS,* 923 F.2d 585, 586 (8th Cir.1991), quoting *Cotter v. Bowen, 879 F.2d 359, 361 (8th Cir.1989).* The court can determine the reasonableness and accuracy of a fee request, even in the absence of an objection by the Commissioner. *See Decker v. Sullivan,* 976 F.2d 456, 459 (8th Cir.1992) ("Although the issue was not raised on appeal, fairness to the parties requires an accurately calculated attorney's fee award.").

*The Contract with America Advancement Act of 1996*, passed on March 29, 1996, amended the EAJA and increased the statutory ceiling for the EAJA fee awards from $75.00 to $125.00 per hour. *See* 28 U.S.C. § 2 412(d)(2)(A). Plaintiff requests attorney's fees under the EAJA at an hourly rate of $125.00. We find plaintiff's attorney entitled to compensation at this rate.

The EAJA further requires an attorney seeking fees to submit "an itemized statement...stating the actual time expended and the rate at which fees and other expenses were

computed." 28 U.S.C. § 2412(d)(1)(B). Attorneys seeking fees under federal fee-shifting statutes such as the EAJA are required to present fee applications with "contemporaneous time records of hours worked and rates claimed, plus a detailed description of the subject matter of the work." *Id.* Where documentation is inadequate, the court may reduce the award accordingly. *Hensley v. Eckerhart,* 461 U.S. 424, 433 (1983).

We next address the number of hours plaintiff's counsel claims he spent working on this case. Plaintiff's counsel seeks a total of 3.33 hours of work from May 14, 2004, through June 2, 2004. The Complaint was not filed in this court until June 3, 2004. (Doc. # 1). We note, this time spent at the administrative level is not compensable under the EAJA. *See Cornella v. Schweiker*, 728 F.2d 978, 988-89 (8th Cir. 1984). However, some of the time submitted on the above referenced dates was clearly in preparation for the filing of the Complaint with this court. Therefore, we will allow 2.00 hours. Accordingly, 1.33 hours must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks 0.17 hour on June 14, 2004 (forward Complaint and Summons to 3 parties to be served by Certified Mail), from which we deduct 0.17 hour; and 0.42 hour on August 18, 2004 (copied and forwarded Administrative Law Judges Decision, Exhibit List, and Appeals Council's Denial Notice to SSA Office of Hearings and Appeals in Falls Church, Virginia as requested by opposing Counsel's office), from which we deduct 0.42 hour. This time cannot be compensated under the EAJA. *Granville House, Inc. v. Department of HEW,* 813 F.2d 881, 884 (8th Cir.1987) (work which could have been completed by support staff is not compensable under the EAJA). Accordingly, 0.59 hour must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks 0.25 hour on June 8, 2004 (reviewed notice of availability of Magistrate; completed the consent to Magistrate form and forwarded form to the clerk), from which we deduct 0.15 hour; 0.33 hour on August 13, 2004 (reviewed defendant's motion to remand due to lost file and tape of hearing), from which we deduct 0.16 hour; 0.33 hour on June 6, 2006[2] (prepared response to motion to reinstate case), from which we deduct 0.16 hour; 0.25 hour on February 6, 2006 (reviewed order re-opening case with transcript of entire record), from which we deduct 0.15 hour; and 0.25 hour on July 24, 2006 (reviewed notice of transcript filing and social security scheduling letter received from the court), from which we deduct 0.15 hour. This court concludes that the time submitted on the above referenced dates, should not have taken an attorney experienced in handling social security cases more than a few minutes to review or prepare these documents. *Bowman v. Secretary of H.H.S.*, 744 F.Supp 898 (E.D.Ark. 1989). Accordingly, 0.77 hour must be deducted from the total compensable time sought by counsel.

Plaintiff's counsel seeks a total of 3.00 hours for the preparation of the EAJA petition and brief. We find the time sought to be excessive and deduct 1.50 hours from the total compensable time sought by counsel.

Finally, counsel seeks reimbursement for $174.45 in expenses incurred with regard to the filing fee and postage. Such expenses are recoverable under the EAJA and we find $174.45 to be a reasonable award. *See Kelly v. Bowen*, 862 F.2d 1333, 1335 (8th Cir. 1988).

Accordingly, we find that counsel is entitled to compensation under the EAJA for: 13.56 (17.75-4.19) hours for attorney's fees, at the rate of $125.00 per hour, and $174.45 in expenses,

---

[2] We note plaintiff's counsel filed this response on February 6, 2006.

for a total attorney's fee award of $1,869.45. This amount should be paid in addition to, and not out of, any past due benefits which plaintiff may be awarded in the future.

The parties are reminded that the award herein under the EAJA will be taken into account at such time as a reasonable fee is determined pursuant to 42 U.S.C. § 406, in order to prevent double recovery by counsel for the plaintiff.

IT IS SO ORDERED this 27th day of August 2007.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
UNITED STATES MAGISTRATE JUDGE